United States District Court
District of South Carolina

| | |
|---|---|
| Tressa R. Glover; ) | C/A No. 5:05-3285-JFA-BM |
| ) | |
| Plaintiff; ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| The State of South Carolina; Orangeburg School District 5 ) | |
| and their attorneys; Barnes, Alford, Stork and Johnson, LLC; ) | |
| Duff, White, & Boykin LLC; Davidson, Morrison, ) | |
| Lindemann, LLC; Rogers, Townsend and Thomas, LLC; ) | |
| Bradshaw, Hinson LLC; Bobby Rivers, Det. Det. Public ) | |
| Safety; Barbara Walkers, OCLEC - Orangeburg County, ) | |
| ) | |
| Defendants. ) | |

Plaintiff has filed this action, *pro se*, against numerous Defendants. The undersigned takes judicial notice that the Plaintiff has already filed six other *pro se* actions in this Court.[1] See Glover v. Rogers Townsend, et al., 5:04-21902-JFA-BM (D.S.C. 2004, hereafter "***Glover One***"); Glover v. Citifinancial, et al., 5:04-22057-JFA-BM (D.S.C. 2004, hereafter "***Glover Two***"); Glover Parker v. Orangeburg Consolidated School District Five, et al., 5:04-22938-JFA-BM (D.S.C. 2004, hereafter "***Glover Three***"); Glover Parker v. Sherman Acquisitions, et al., 5:05-3102-JFA-BM (D.S.C. 2005, hereafter "***Glover Four***"); Glover Parker, et al., v. Wachovia Bank, et al, 5:05-3158-JFA-BM (D.S.C. 2005, hereafter "***Glover Five***"); and Glover Parker v. Orangeburg County Law Enforcement, et al, 5:05-3282-JFA-BM (D.S.C. 2005, hereafter "***Glover Six***."). In addition, Plaintiff has an employment discrimination action pending before this Court in which she is

---

[1]This Court may take judicial notice of its own records in these prior cases. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).



1

represented by an attorney. See Glover Parker v. Organgeburg Consolidated School District Five, 5:05-1207-JFA-BM (D.S.C. 2005).

In *Glover One*, the Complaint consisted of a standard *pro se* complaint form with more than twenty pages of various attachments, including court records from a foreclosure action pending in the Orangeburg County Court of Common Pleas. Plaintiff appeared to allege some species of fraud in the mortgage foreclosure. Plaintiff filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis* but failed to provide information sufficient to evaluate the Form AO-240. The undersigned filed an order directing Plaintiff to provide the missing financial information and also to supply this Court with necessary "proper form" documents (that is, summons forms and USM-285 forms). The USM-285 forms are required to accomplish service upon defendants whenever a litigant proceeds *in forma pauperis*. See 28 U.S.C. § 1915(d). Without the USM-285 forms, the United States Marshals are unable to effect service of process. Plaintiff never responded to the order, and on October 1, 2004, the Honorable Joseph F. Anderson, Chief United States District Judge for the District of South Carolina, dismissed *Glover One* without prejudice.

Two weeks after filing *Glover One*, Plaintiff filed *Glover Two*. This Complaint consisted of a standard *pro se* complaint form accompanied by single-spaced typewritten notes and memos along with attachments, including amortization schedules and copies of newspaper legal notices – for a total of thirty-three (33) pages. The matter at issue appeared to be the same mortgage foreclosure with additional allegations of attorney fraud or malpractice. Plaintiff sought to proceed *in forma pauperis* but again failed to provide information sufficient to evaluate her application (Form AO-240). The undersigned filed an order directing Plaintiff to provide the missing financial



2

information and also to supply this Court with summons and USM-285 forms. Plaintiff never responded to the order, and on October 5, 2004, Chief Judge Anderson dismissed *Glover Two* without prejudice.

*Glover Three* was commenced on November 9, 2004. This time Plaintiff simply filed a standard *pro se* Complaint form. The "Statement of Claim" was, simply put, unintelligible. In the margins of this complaint form, Plaintiff had written the names of the Defendants and assigned (with green highlighting) the numbers 1 through 36. Only four of the thirty-six Defendants were mentioned in the narrative text of the Complaint. Plaintiff also attached a form used by the United States Equal Employment Opportunity Commission (EEOC), alleging sexual harassment and retaliation by Orangeburg Consolidated School District Five. The significance of the form and its relation to Plaintiff's underlying claim was not clear.

Under Ellis v. United States, 356 U.S. 674 (1958), the undersigned recommended that Plaintiff's application to proceed *in forma pauperis* be denied in a Report on January 7, 2005. On February 15, 2005, Plaintiff paid the filing fee and summons forms were issued. Several defendants appeared and filed motions for dismissal, and under Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), orders were filed notifying Plaintiff of the pending motions and advising her that a response was required. On August 17, 2005, the undersigned filed a Report recommending that the motions be granted, and on October 11, 2005, Chief Judge Anderson dismissed *Glover Three* in its entirety.

On November 2, 2005, Plaintiff filed *Glover Four*, an action against several parties involved in her pending bankruptcy case. See In re: Tressa Renae Glover, BR Action No. 04-8700-B. On November 23, 2005, the undersigned filed a Report recommending summary dismissal because this Court has no jurisdiction over matters that should be raised in a pending bankruptcy proceeding.



A week later, on November 9, 2005, Plaintiff – and another party who did not sign the pleading – commenced **Glover Five**.  The Complaint contained no specific allegations whatsoever with regard to the majority of the named parties defendant.  Plaintiff alleged a "conspiracy" among other parties defendant, but failed to cite to any specific relief sought in this Court.  Wachovia Bank, which was sued with regard to a state court foreclosure, could not be brought into this Court with regard to that proceeding because of the Rooker-Feldman doctrine.  On November 23, 2005, the undersigned filed a Report recommending summary dismissal.

**Glover Six** was filed the same day as the present action.  In **Glover Six** Plaintiff vaguely alleged discriminatory patterns and practices but provided no specific factual allegations.  The undersigned has filed a Report recommending summary dismissal.

The Complaint in this action alleges the following:

> The State of South Carolina failed to provide corrective action, protection, disciplinary proceedings, transfer or assisting in obtaining other employment to employee whom [sic] filed an employment discrimination and harassment claim. The Notices of Right to sue were issued on the complaint.  The employee was subjected to many conspiratorial activities and harassments, including and not limited to racially motivated hate crimes, no providing [sic] further job opportunities, illegal monitoring equipment and surveillance in a person's home and vehicles, and further harassments to an individual's family members, through fraud identity theft massively.
> However, the employee encountered harassment incidents (were life threatening) on the job, at home, in public places and after resigning from the job.  The incidents were easily identifiable and information and updates were provided to the State and local law enforcement constantly.  Some examples of incidents in which evidence can and has been provided, include sexual harassments, chemical exposure (bloodtest of employee are positive for high level of arsenic poisoning and heavy metals chemical contaminants); road rage where metal bar was thrown into car's windshield, car vandalisms [sic] and destruction; medical records invasion and malpractice; U.S. Mail invasions; contaminated U.S. Mail; real estate fraud and harassments; home harassments where fair housing complaint was filed with the SCHAC and nothing was done; and other acts of torture and harassment to cause hardship, distress, illnesses and mental disturbances along with emotional disturbances to the employee who filed them.  The State provided no regards to the Civil Rights Act of 1964 or any other unlawful employment practices, laws or bylaws adopted by the agencies.



[1-1, pp. 3-5.]

## DISCUSSION

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990). Such is the case here.

First, the Complaint begins by alleging a "failure" by the State of South Carolina to take a number of measures to protect and support a former employee. The inference arises that the Plaintiff is the former employee mentioned. However, to the extent that Plaintiff is suing South Carolina or any of the defendants for employment discrimination, this action clearly duplicates Glover Parker v. Orangeburg Consolidated School District Five, 5:05-1207-JFA-BM (D.S.C. 2005), a pending case in which Plaintiff is represented by an attorney. Two United States Circuit Courts of Appeal have affirmed the authority of district courts to dismiss such duplicative cases as "frivolous" under the provisions of (former) 28 U.S.C. § 1915(d), now codified as 28 U.S.C. § 1915(e)(2). See Aziz v. Burrows, 976 F. 2d 1159 (8th Cir. 1988); Bailey v. Johnson, 846 F. 2d 1019 (5th Cir. 1988).[2]

The Complaint continues with allegations of hostile acts ("hate crimes," vandalism and "invasions") without identifying the perpetrators. In the concluding sentence to her narrative,

---

[2] – The United States Court of Appeals for the Fourth Circuit has cited Aziz with approval in an unpublished opinion, Cottle v. Bell, 229 F. 3d 1142 (4th Cir. 2000), 2000WL 1144623 (4th Cir. (N.C.)).



Plaintiff appears to blame the State of South Carolina for all these untoward occurrences. The relief sought consists of punitive damages, as well as a declaratory judgment, employment assistance, and a provision of resources, all of which this Court should require the State of South Carolina to provide. Plaintiff has attached correspondence with the South Carolina Employment Security Commission. However, the State of South Carolina is immune from suit in this Court under the Eleventh Amendment to the United States Constitution. Kimel v. Florida Board of Regents, 528 U.S. 62 (2000); Alden v. Maine, 527 U.S. 706 (1999); College Savings Bank v. Florida Prepaid Education Expense Board, 527 U.S. 666 (1999); College Savings Bank v. Florida Prepaid Education Expense Board, 527 U.S. 627 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Blatchford v. Native Village of Noatak, 501 U.S. 775 (1991); Alabama v. Pugh, 438 U.S. 781 (1978); Hans v. Louisiana, 134 U.S. 1 (1890). Therefore, the State is entitled to dismissal as a party Defendant.

With respect to the remaining Defendants, Plaintiff's complaint literally consists of sentence fragments and phrases which convey little, if any, meaning. Rule 8(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides the following guidance with respect to complaints (and other affirmative claims):

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The text of Plaintiff's complaint fails to comply with the requirements of Rule 8(a), and this case is therefore subject to dismissal under that Rule.

Finally, Plaintiff has applied to proceed *in forma pauperis*. Grants or denials of applications



to proceed *in forma pauperis* are left to the discretion of federal district courts. In <u>Dillard v. Liberty Loan Corp.</u>, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit has held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. <u>Graham v. Riddle</u>, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." <u>Kinney v. Plymouth Rock Squab Co.</u>, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915). "In the absence of some evident improper motive the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis v. United States</u>, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

<u>See also</u> <u>Liles v. South Carolina Dept. of Corrections</u>, 414 F.2d 612, 613 (4th Cir 1969); <u>U. S. v. Gregg</u>, 393 F.2d 722, 723 (4th Cir.1968). Under <u>Ellis</u>, however, "good faith" allows only for the presentation of issues that are not plainly frivolous. As Plaintiff's Complaint at present fails to meaningfully set forth any claims cognizable in this Court, her Motion to proceed *in forma pauperis* should be denied.

## CONCLUSION

Based on the forgoing, it is recommended that the Application to Proceed Without Prepayment of Fees be **denied**, and that this case be **dismissed**, without prejudice.

The Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

December  2  , 2005
Columbia, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So</u>**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), <u>cert. denied</u>, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991). See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), <u>cert. denied</u>, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
